| | | |
|---|---|---|
| ROBERT GOMEZ, | § | |
| ALVARO RODRIGUEZ, | § | |
| ERIC BORUNDA, DANIEL PORRAS | § | |
| Individually and On Behalf | § | |
| Of All Others Similarly Situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Case No. 3:21-cv-269 |
| | § | |
| GLOBAL PRECISION SYSTEMS LLC | § | |
| and ASSET PROTECTION AND | § | |
| SECURITY SERVICES, LP, | § | |
| | § | |
| Defendants, | § | |

## PLAINTIFFS' COMPLAINT - COLLECTIVE ACTION

Plaintiffs Robert Gomez, Alvaro Rodriguez, Eric Borunda, and Daniel Porras, Individually and On Behalf of All Others Similarly Situated ("Plaintiffs" and "Class Members" herein), complain of **GLOBAL PRECISION SYSTEMS LLC and ASSET PROTECTION AND SECURITY SERVICES, LP** (herein after referred to as "Defendants") and show as follows

### I.      NATURE OF SUIT

1.      The Fair Labor Standards act was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and a one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing requirements of 29 U.S.C. § 207 (a)).

2.      Defendants violated the FLSA by failing to pay its employees at time and one-half

their regular rates of pay for all hours worked within a workweek in excess of forty hours.

3.      This claim is brought against GPS and Asset by GPS and Asset Detention Officers because GPS and Asset are joint employers.

4.      Plaintiff Robert Gomez, Detention Officer, is a non-exempt employee who has been denied overtime compensation owed to him as required by the law.  Plaintiffs filed this collective action to recover unpaid overtime compensation owed to them individually and on behalf of all other similarly situated employees, current and former, of Defendant.

5.      Plaintiff Alvaro Rodriguez, Detention Officer, is a non-exempt employee who has been denied overtime compensation owed to him as required by the law.  Plaintiffs filed this collective action to recover unpaid overtime compensation owed to them individually and on behalf of all other similarly situated employees, current and former, of Defendant.

6.      Plaintiff Eric Borunda, Detention Officer, is a non-exempt employee who has been denied overtime compensation owed to him as required by the law.  Plaintiffs filed this collective action to recover unpaid overtime compensation owed to them individually and on behalf of all other similarly situated employees, current and former, of Defendant.

7.      Plaintiff Daniel Porras, Detention Officer, is a non-exempt employee who has been denied overtime compensation owed to him as required by the law.  Plaintiffs filed this collective action to recover unpaid overtime compensation owed to them individually and on behalf of all other similarly situated employees, current and former, of Defendant.

## II.
## PARTIES, JURISDICTION AND VENUE

8.      Plaintiff Robert Gomez is a resident of El Paso, Texas.  His written consent to this action is attached as Exhibit "A".

9.      Plaintiff Alvaro Rodriguez is a resident of El Paso, Texas.  His written consent to this

action is attached as Exhibit "B".

10.     Plaintiff Eric Borunda is a resident of El Paso, Texas.  His written consent to this action is attached as Exhibit "C".

11.     Plaintiff Daniel Porras is a resident of El Paso, Texas.  His written consent to this action is attached as Exhibit "D".

12.     The Plaintiffs and Class Members are all of the Defendants' current and former "Detention Officers" for the Defendants – regardless of pay structure – who worked for Defendants.

13.     Defendant, Global Precision Systems LLC is an Alaska limited liability company and may be served with process by serving its registered agent, Cogency Global Inc., at 1601 Elm Street, Suite 4360, Dallas, Texas 75201 or any authorized officer or agent of the company may be found.

14.     Defendant, Asset Protection and Security Services, LP is a Texas company and may be served with process by serving its registered agent, Business Filings Incorporated, at 701 Brazos Street, Suite 720, Austin, Texas 78701 or any authorized officer or agent of the company may be found.

15.     The court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343.  Venue exists in this district and division as detailed in 28 U.S.C. §1391.

16.     All of the acts alleged herein occurred in El Paso County, Texas.

## IV.     COVERAGE

17.     At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and the Class Members.

18.     Defendants are employers within the meaning of § 3(d) of the FLSA, 29 U.S.C. § 203(d).

19.     At all material times, Defendants have been an enterprise within the meaning of §

3(r) of the FLSA, 29 U.S.C. 203(r).

20.    At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 203(s)(1) of the FLSA because they have had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

21.    Defendants have had, and continues to have, an annual gross income of business done of not less than $500,000.

22.    At all material times, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## V.    FACTUAL BACKGROUND

23.    Defendants conduct business in El Paso County, Texas at the ICE Facility located at 8915 Montana Ave., El Paso, Texas.

24.    Since November 2015, GPS and Asset have been contractors at the ICE facility. Defendants employ Detention Officers as part of contract with the federal government.  Detention Officers work at the ICE Facility.  GPS and Asset are joint employers.

25.    Pursuant to the contract, 49% of the employees are Asset and 51% are GPS.  GPS supplies Detention Officers for the ICE Facility.   Asset supplies Detention Officers and Transportation Officers for the ICE Facility.

26.    Detention Officers, both GPS and Asset, are supervised by the Project Manager, who is a GPS employee.  The Project Manager is the final decision maker for all employees, Asset and GPS.

27.    The hiring of both Asset and GPS employees is conducted in El Paso, Texas.  The hiring is determined by both GPS and Asset employees.

28.    Upper management consists of both GPS and Asset employees.  For instance, the Assistant Project Manager, is a GPS employee, the Training Manager is an Asset employee, the Safey Manager is a GPS employee, and supervisors consist of both Asset and GPS employees,

29.    Human Resources Administrators on site handle both Asset and GPS issues.  Further, the Human Resources Administrator maintained a log of both Asset and GPS employee's names, discipline, and complaints.

30.    Asset and GPS share or co-determine matters governing the essential terms and conditions of employment at the El Paso facility.  Asset and GPS are joint employers.

31.    Further, all employees are subject to the same policies and procedures pursuant to a shared addendum to the GPS handbook.  If employees are hired to one company, at a later date, they can be transferred to the other company pursuant to contract percentage needs.

32.    Both GPS and Asset upper management hire and fire employees irrespective of their designation as Asset or GPS employees.

33.    Both GPS and Asset upper management supervise and control Detention Officers work schedules and conditions of employment irrespective of their designation as Asset or GPS employees.

34.    Both GPS and Asset upper management determine a Detention Officer's pay and method of payment irrespective of their designation as Asset or GPS employees.

35.    Employment records for all Detention Officers in El Paso Count, Texas are located onsite at the facility in El Paso County, Texas and maintained by both GPS and Asset.

36.    Plaintiffs and Class Members worked as "Detention Officers." "Detention Officers" essentially performed duties relating to observing, preventing and reporting all instances of disorder or noncompliance, respond to emergency situations as well as preventing and detecting escape

attempts at Defendants' places of business at a federal detention facility.

37.    "Detention Officers" are scheduled to work 40 hours per week.

38.    Specifically, "Detention Officers" were required to work off "off-the-clock." Plaintiffs and similarly situated "Detention Officers" worked before and after their scheduled hours. "Detention Officers" were required to check into work at the front gate at lease 15-20 minutes prior to the start of the shift and perform work.  This time is unpaid.

39.    Specifically, "Detention Officers" are also required to perform work after their shift is over for approximately 15-20 minutes after the end of shift.  This time is unpaid and time is recorded as an 8-hour shift.

40.    Specifically, "Detention Officers" are also required to stand by after their shift is over for approximately 15-30 minutes after clocking out to wait and see if GPS or Asset needed the Detention Officer to stay for work.  "Detention Officers" were onsite during this time and not free to use time as they wished.  This time is unpaid.

41.    "Detention Officers" are non-exempt and were paid hourly.  They were and are treated as nonexempt.  They were supposed to be paid for all hours worked.  At all relevant times, these employees were non-exempt and Defendants failed to pay overtime wages.

42.    Plaintiffs and similarly situated "Detention Officers" worked daily without proper compensation.  Lastly, Defendants did not adequately keep track of Plaintiffs' work hours, even though Plaintiffs were non-exempt employees or misclassified as exempt employees for overtime purposes.

43.    Plaintiffs have not been paid as time and one-half their regular rate for hours worked in excess of forty hours in a workweek.  Plaintiffs and Class Members have been expected to work more than 40 hours a week on average and have not been given overtime pay for hours worked over

40 in a work week.

44.     Defendants have known the FLSA was applicable to its employees, yet it has intentionally refused to pay overtime.  In fact, Plaintiffs and Class Members were routinely instructed or suffered to work more than 40 hours per workweek but were not compensated. Accordingly, Defendants' pattern or practice of failing to pay these employees in accordance with the FLSA was and is a willful violation of the FLSA.  Moreover, Defendants did not act in good faith or have reasonable grounds for believing the FLSA was not applicable.

45.     Defendants oversee all aspects of the Defendants' location at the El Paso Detention Center, including scheduling, training, supervising and monitoring the Detention Officers.

46.     Plaintiffs Robert Gomez, Alvaro Rodriguez, Eric Borunda and Daniel Porras all worked for Defendant at 8915 Montana Ave., El Paso, Texas.  However, Defendants contract at locations throughout Texas.

## VI.     COLLECTIVE ACTION ALLEGATIONS

47.     Named Plaintiffs have actual knowledge that Class Members have also denied overtime pay for hours worked over forty hours in a week.

48.     Named Plaintiffs have actual knowledge that Class members worked before and after their shifts for overtime purposes.

49.     Defendants suffer, permit, and/or require Class Members to work in excess of forty hours per week.

50.     Defendants have improperly denied Class Members compensation for their hours worked over forty.

51.     Plaintiffs and Class Members perform the same or similar work in the provision of services for the benefit of Defendants' business.

52.     Plaintiffs and Class members regularly work in excess of forty hours during a workweek.

53.     The Class Members are similar to Plaintiffs in the denial of overtime pay when required to work over forty hours in a workweek.

54.     Defendants' failure to pay minimum wage and/or overtime compensation at the rates required by the FLSA results from generally applicable polices or practices and do not depend on the personal circumstances of the Class Members.

55.     Plaintiffs' experiences are typical of the experience of Class Members.

56.     The specific job titles or precise job titles of each Class Members do not prevent collective treatment.

57.     All Class Members, irrespective of their particular job requirements, are entitled to be compensated at minimum wage and are entitled to overtime compensation for hours worked in excess of forty during a workweek.

58.     Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

59.     As such, the class of similarly situated Plaintiffs is properly defined as follows:

**All of Defendants' current and former "Detention Officers" in Texas – regardless of pay structure – working from October 28, 2018 to the present.**

### VII.    CAUSE OF ACTION FOR COLLECTIVE CLASS ACTION

60.     Plaintiffs re-allege and incorporate by reference the facts as set forth above.

61.     Defendants violated 29 U.S.C. §207 by failing to pay Plaintiffs and Class members time and one-half the regular rate of pay for all hours worked in excess of 40 hours during a workweek.

62.     Defendants did not adequately keep track of "Detention Officers" work hours, even though they were non-exempt employees for overtime purposes as outlined under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* ("FLSA").

63.     Defendants failed to keep track of "Detention Officers" work hours for overtime purposes. 29 U.S.C. §§ 201 *et. seq.* ("FLSA").

64.     Plaintiffs and Class members have been damaged by these violations of 29 U.S.C. 207(a).

65.     Defendants' violations of U.S.C. 207(a) were repeated, willful and intentional.

66.     Plaintiffs and the Class members are entitled to an amount equal to all their unpaid regular and overtime wages as liquidated damages.  29 U.S.C. 216(b).

67.     Additionally, Plaintiffs and Class Members are entitled to recover attorneys' fees and costs as required by the FLSA.  29 U.S.C. 216(b).

## VI.

## JOINT EMPLOYER

68.     Plaintiff incorporates all previous sections herein for all purposes.  At all times mentioned, Asset and GPS were joint employers in that Asset and GPS share or co-determine matters governing the essential terms and conditions of employment at the El Paso facility.

## VII.

## ATTORNEY'S FEES

69.     Plaintiff seeks attorney's fees to the extent she is a prevailing party.

## VIII.

## JURY DEMAND

70.     Plaintiff requests a jury trial.

## VIII.   PRAYER FOR RELIEF

71.     Wherefore, Plaintiffs request that Defendants be cited to appear and answer, and that on final trial, Plaintiffs have judgment against Defendants as follows:

a.     Judgment against Defendants for Plaintiffs' actual damages;

b.     Overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one- and one-half times their regular rate;

c.     All unpaid wages and overtime compensation;

d.     Judgment against Defendants for liquidated damages for the maximum amount allowed by law;

e.     Compensatory damages, emotional distress and punitive damages.  29 U.S.C. 215(a)(3).

f.     Pre-judgment and post-judgment interest at the maximum amount allowed by law;

g.     Costs of suit, including reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

h.     The award of such and further relief, both at law and in equity, to which Plaintiffs and Class Members may be justly entitled.

Respectfully Submitted,

**MARTINEZ & MARTINEZ LAW FIRM, PLLC**
*Attorneys for Plaintiffs*
2110 E. Yandell Dr.
El Paso, Texas 79903
(915) 541-1000 phone
(915) 541-1002 facsimile

By:     */s/ Jonathan L.R. Baeza*
        **RAYMOND D. MARTINEZ**
        State Bar No. 24002537
        raymond@martinezlawyers.com
        **JONATHAN L.R. BAEZA**
        State Bar No. 24092066
        jonathan@martinezlawyers.com

# Exhibit A

| | |
|---|---|
| **ROBERT GOMEZ,** | § |
| **ALVARO RODRIGUEZ,** | § |
| **ERIC BORUNDA, DANIEL PORRAS** | § |
| **Individually and On Behalf** | § |
| **Of All Others Similarly Situated,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **vs.** | § |
| | § |
| **GLOBAL PRECISION SYSTEMS LLC** | § |
| **and ASSET PROTECTION AND** | § |
| **SECURITY SERVICES, LP,** | § |
| | § |
| **Defendants,** | § |

## DECLARATION OF ROBERT GOMEZ

I, Robert Gomez, declares:

1.      "I am over the age of eighteen (18), am of sound mind, and competent to make this Declaration.

2.      I make this declaration based upon personal knowledge and, if sworn as a witness, could and would testify competently to the facts contained herein.

3.      I worked for Global Precision Systems LLC. I worked for Defendant Global Precision Systems LLC from approximately November 2019 to present as a Detention Officer at 8915 Montana Ave., El Paso, Texas.

4.      Defendants GPS and Asset have been contractors at the ICE facility since 2015.

5.      Both GPS and Asset employ Detention Officers as part of contract with the federal government.  Detention Officers work at the ICE Facility.

6.      As part of its operations, Defendants GPS and Asset hire "Detention Officers" to perform duties relating to observing, preventing and reporting instances of disorder or noncompliance, respond to emergency situations as well as preventing and detecting escape attempts at 8915 Montana Ave., El Paso, Texas, a federal detention facility.

7.      Detention Officers, both GPS and Asset, are supervised by the Project Manager.

8.      Upper management consists of both GPS and Asset employees.  For instance, the Assistant Project Manager, is a GPS employee, the Training Manager is an Asset employee, the Safey Manager is a GPS employee, and supervisors consist of both Asset and GPS employees.

9.      Human Resources Administrators on site handle both Asset and GPS issues.

10.     All employees are subject to the same policies and procedures pursuant to a shared addendum to the GPS handbook.  If employees are hired to one company, at a later date, they can be transferred to the other company pursuant to contract percentage needs.

11.     Most "Detention Officers" I am aware of were not paid for the actual time worked, their "stand by" work or overtime.

12.     I was regularly not paid for overtime.  I was not paid for working before and after hours, working on "stand by" waiting for the next shift or overtime for hours over 40 hours in a week.  I was required to check into work at the front gate at least 15-20 minutes prior to my shift and perform work.  I would also work in excess of 8 hours up to 15 to 20 minutes after each shift but was still recorded by management as a 8 hour shift.  I was not compensated for working after my "8 hour shift".  Lastly, I was required to "stand by" after shifts up to 15-30 minutes after I was clocked out to wait to see if Defendant GPS or Defendant Asset needed me to stay to work.  I was not compensated for the "stand by" time.

13.     I know of other current and former "Detention Officers" for Defendant GPS or Defendant Asset, who, like me, were regularly not paid working before each shift, performing work after their scheduled hours, or overtime for hours over 40 hours in a week.  I know this from personal experience, and from speaking with and observing my co-workers.

14.      The primary job duties of the "Detention Officers" are to perform duties relating to observing, preventing and reporting instances of disorder or noncompliance, respond to emergency situations as well as preventing and detecting escape attempts at 8915 Montana Ave., El Paso, Texas, a federal detention facility.

15.     I know that there are other former or current employees of Defendant GPS and Defendant Asset who are interested in this lawsuit for being denied compensation owed them.

I declare that the foregoing is true and correct."

_R. Gomez_

Robert Gomez

Executed on this 30 day of ＿June＿, 2021.

Sworn and transcribed before me this 30ᵗʰ day of ＿June＿, 2021.

_John Ramos_

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

[SEAL]

JOHN A. RAMOS
Notary Public, State of Texas
Comm. Expires 01-21-2023
Notary ID 131862037

My Commission Expires:

1-21-23

# EXHIBIT B

| | |
|---|---|
| **ROBERT GOMEZ,** | § |
| **ALVARO RODRIGUEZ,** | § |
| **ERIC BORUNDA, DANIEL PORRAS** | § |
| **Individually and On Behalf** | § |
| **Of All Others Similarly Situated,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **vs.** | § |
| | § |
| **GLOBAL PRECISION SYSTEMS LLC** | § |
| **and ASSET PROTECTION AND** | § |
| **SECURITY SERVICES, LP,** | § |
| | § |
| **Defendants,** | § |

## DECLARATION OF ALVARO RODRIGUEZ

I, Alvaro Rodriguez, declares:

1.      "I am over the age of eighteen (18), am of sound mind, and competent to make this Declaration.

2.      I make this declaration based upon personal knowledge and, if sworn as a witness, could and would testify competently to the facts contained herein.

3.      I worked for Global Precision Systems LLC. I worked for Defendant Global Precision Systems LLC from approximately December 2019 to April 2021 as a Detention Officer at 8915 Montana Ave., El Paso, Texas.

4.      Defendants GPS and Asset have been contractors at the ICE facility since 2015.

5.      Both GPS and Asset employ Detention Officers as part of contract with the federal government.  Detention Officers work at the ICE Facility.

6.      As part of its operations, Defendants GPS and Asset hire "Detention Officers" to perform duties relating to observing, preventing and reporting instances of disorder or noncompliance, respond to emergency situations as well as preventing and detecting escape attempts at 8915 Montana Ave., El Paso, Texas, a federal detention facility.

7.      Detention Officers, both GPS and Asset, are supervised by the Project Manager.

8.      Upper management consists of both GPS and Asset employees.  For instance, the Assistant Project Manager, is a GPS employee, the Training Manager is an Asset employee, the Safey Manager is a GPS employee, and supervisors consist of both Asset and GPS employees.

9.      Human Resources Administrators on site handle both Asset and GPS issues.

10.     All employees are subject to the same policies and procedures pursuant to a shared addendum to the GPS handbook.  If employees are hired to one company, at a later date, they can be transferred to the other company pursuant to contract percentage needs.

11.     Most "Detention Officers" I am aware of were not paid for the actual time worked, their "stand by" work or overtime.

12.     I was regularly not paid for overtime.  I was not paid for working before and after hours, working on "stand by" waiting for the next shift or overtime for hours over 40 hours in a week.  I was required to check into work at the front gate at least 15-20 minutes prior to my shift and perform work.  I would also work in excess of 8 hours up to 15 to 20 minutes after each shift but was still recorded by management as a 8 hour shift.  I was not compensated for working after my "8 hour shift".  Lastly, I was required to "stand by" after shifts up to 15-30 minutes after I was clocked out to wait to see if Defendant GPS or Defendant Asset needed me to stay to work.  I was not compensated for the "stand by" time.

13.     I know of other current and former "Detention Officers" for Defendant GPS or Defendant Asset, who, like me, were regularly not paid working before each shift, performing work after their scheduled hours, or overtime for hours over 40 hours in a week.  I know this from personal experience, and from speaking with and observing my co-workers.

14.     The primary job duties of the "Detention Officers" are to perform duties relating to observing, preventing and reporting instances of disorder or noncompliance, respond to emergency situations as well as preventing and detecting escape attempts at 8915 Montana Ave., El Paso, Texas, a federal detention facility.

15.     I know that there are other former or current employees of Defendant GPS and Defendant Asset who are interested in this lawsuit for being denied compensation owed them.

I declare that the foregoing is true and correct."

Alvaro Rodriguez

Executed on this 27 day of October , 2021.

Sworn and transcribed before me this 27th day of October , 2021.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

[SEAL]

JOHN A. RAMOS
Notary Public, State of Texas
Comm. Expires 01-21-2023
Notary ID 131862037

My Commission Expires:

1-21-23

# Exhibit C

| | |
|---|---|
| **ROBERT GOMEZ,** | § |
| **ALVARO RODRIGUEZ,** | § |
| **ERIC BORUNDA, DANIEL PORRAS** | § |
| **Individually and On Behalf** | § |
| **Of All Others Similarly Situated,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **vs.** | § |
| | § |
| **GLOBAL PRECISION SYSTEMS LLC** | § |
| **and ASSET PROTECTION AND** | § |
| **SECURITY SERVICES, LP,** | § |
| | § |
| **Defendants,** | § |

## <u>DECLARATION OF ERIC BORUNDA</u>

I, Eric Borunda, declares:

1.      "I am over the age of eighteen (18), am of sound mind, and competent to make this Declaration.

2.      I make this declaration based upon personal knowledge and, if sworn as a witness, could and would testify competently to the facts contained herein.

3.      I worked for Global Precision Systems LLC. I worked for Defendant Global Precision Systems LLC from approximately November 2019 to May 2020 as a Detention Officer at 8915 Montana Ave., El Paso, Texas.

4.      Defendants GPS and Asset have been contractors at the ICE facility since 2015.

5.      Both GPS and Asset employ Detention Officers as part of contract with the federal government.  Detention Officers work at the ICE Facility.

6.      As part of its operations, Defendants GPS and Asset hire "Detention Officers" to perform duties relating to observing, preventing and reporting instances of disorder or noncompliance, respond to emergency situations as well as preventing and detecting escape attempts at 8915 Montana Ave., El Paso, Texas, a federal detention facility.

7.      Detention Officers, both GPS and Asset, are supervised by the Project Manager.

8.      Upper management consists of both GPS and Asset employees.  For instance, the Assistant Project Manager, is a GPS employee, the Training Manager is an Asset employee, the Safey Manager is a GPS employee, and supervisors consist of both Asset and GPS employees.

9.      Human Resources Administrators on site handle both Asset and GPS issues.

10.     All employees are subject to the same policies and procedures pursuant to a shared addendum to the GPS handbook. If employees are hired to one company, at a later date, they can be transferred to the other company pursuant to contract percentage needs.

11.     Most "Detention Officers" I am aware of were not paid for the actual time worked, their "stand by" work or overtime.

12.     I was regularly not paid for overtime. I was not paid for working before and after hours, working on "stand by" waiting for the next shift or overtime for hours over 40 hours in a week. I was required to check into work at the front gate at least 15-20 minutes prior to my shift and perform work. I would also work in excess of 8 hours up to 15 to 20 minutes after each shift but was still recorded by management as a 8 hour shift. I was not compensated for working after my "8 hour shift". Lastly, I was required to "stand by" after shifts up to 15-30 minutes after I was clocked out to wait to see if Defendant GPS or Defendant Asset needed me to stay to work. I was not compensated for the "stand by" time.

13.     I know of other current and former "Detention Officers" for Defendant GPS or Defendant Asset, who, like me, were regularly not paid working before each shift, performing work after their scheduled hours, or overtime for hours over 40 hours in a week. I know this from personal experience, and from speaking with and observing my co-workers.

14.      The primary job duties of the "Detention Officers" are to perform duties relating to observing, preventing and reporting instances of disorder or noncompliance, respond to emergency situations as well as preventing and detecting escape attempts at 8915 Montana Ave., El Paso, Texas, a federal detention facility.

15.     I know that there are other former or current employees of Defendant GPS and Defendant Asset who are interested in this lawsuit for being denied compensation owed them.

I declare that the foregoing is true and correct."

_____
Eric Borunda

Executed on this 30 day of _____June_____, 2021.

Sworn and transcribed before me this 30th day of _____June_____, 2021.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

[SEAL]

JOHN A. RAMOS
Notary Public, State of Texas
Comm. Expires 01-21-2023
Notary ID 131862037

My Commission Expires:

_1-21-23_

# Exhibit D

| | |
|---|---|
| **ROBERT GOMEZ,** | § |
| **ALVARO RODRIGUEZ,** | § |
| **ERIC BORUNDA, DANIEL PORRAS** | § |
| **Individually and On Behalf** | § |
| **Of All Others Similarly Situated,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **vs.** | § |
| | § |
| **GLOBAL PRECISION SYSTEMS LLC** | § |
| **and ASSET PROTECTION AND** | § |
| **SECURITY SERVICES, LP,** | § |
| | § |
| **Defendants,** | § |

## DECLARATION OF DANIEL PORRAS

I, Daniel Porras, declares:

1.      "I am over the age of eighteen (18), am of sound mind, and competent to make this Declaration.

2.      I make this declaration based upon personal knowledge and, if sworn as a witness, could and would testify competently to the facts contained herein.

3.      I worked for Asset Protection and Security Services, LP. I worked for Defendant Asset from approximately March 2020 to May 2020 as a Detention Officer at 8915 Montana Ave., El Paso, Texas.

4.      Defendants GPS and Asset have been contractors at the ICE facility since 2015.

5.      Both GPS and Asset employ Detention Officers as part of contract with the federal government.  Detention Officers work at the ICE Facility.

6.      As part of its operations, Defendants GPS and Asset hire "Detention Officers" to perform duties relating to observing, preventing and reporting instances of disorder or noncompliance, respond to emergency situations as well as preventing and detecting escape attempts at 8915 Montana Ave., El Paso, Texas, a federal detention facility.

7.      Detention Officers, both GPS and Asset, are supervised by the Project Manager.

8.      Upper management consists of both GPS and Asset employees.  For instance, the Assistant Project Manager, is a GPS employee, the Training Manager is an Asset employee, the Safey Manager is a GPS employee, and supervisors consist of both Asset and GPS employees.

9.      Human Resources Administrators on site handle both Asset and GPS issues.

10.      All employees are subject to the same policies and procedures pursuant to a shared addendum to the GPS handbook.  If employees are hired to one company, at a later date, they can be transferred to the other company pursuant to contract percentage needs.

11.      Most "Detention Officers" I am aware of were not paid for the actual time worked, their "stand by" work or overtime.

12.      I was regularly not paid for overtime.  I was not paid for working before and after hours, working on "stand by" waiting for the next shift or overtime for hours over 40 hours in a week.  I was required to check into work at the front gate at least 15-20 minutes prior to my shift and perform work.  I would also work in excess of 8 hours up to 15 to 20 minutes after each shift but was still recorded by management as a 8 hour shift.  I was not compensated for working after my "8 hour shift".  Lastly, I was required to "stand by" after shifts up to 15-30 minutes after I was clocked out to wait to see if Defendant GPS or Defendant Asset needed me to stay to work.  I was not compensated for the "stand by" time.

13.      I know of other current and former "Detention Officers" for Defendant GPS or Defendant Asset, who, like me, were regularly not paid working before each shift, performing work after their scheduled hours, or overtime for hours over 40 hours in a week.  I know this from personal experience, and from speaking with and observing my co-workers.

14.       The primary job duties of the "Detention Officers" are to perform duties relating to observing, preventing and reporting instances of disorder or noncompliance, respond to emergency situations as well as preventing and detecting escape attempts at 8915 Montana Ave., El Paso, Texas, a federal detention facility.

15.      I know that there are other former or current employees of Defendant GPS and Defendant Asset who are interested in this lawsuit for being denied compensation owed them.

I declare that the foregoing is true and correct."

_Daniel Porras_
Daniel Porras

Executed on this 30th day of ___June___, 2021.

Sworn and transcribed before me this 30th day of ___June___, 2021.

_____John Ramos_____

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

[SEAL]

JOHN A. RAMOS
Notary Public, State of Texas
Comm. Expires 01-21-2023
Notary ID 131862037

My Commission Expires:

_1-21-23_