UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ROBERT GOMEZ, ALVARO RODRIGUEZ, ERIC BORUNDA, and DANIEL PORRAS, *Individually and on Behalf of All Others Similarly Situated*, § § § § § § | | |
| *Plaintiffs,* § | | |
| v. § | EP-21-CV-00269-DCG | |
| § | | |
| GLOBAL PRECISION SYSTEMS, LLC and ASSET PROTECTION AND SECURITY SERVICES, LP, § § § § | | |
| *Defendants.* § | | |

# ORDER

Plaintiffs Robert Gomez, et al., bring claims under the Fair Labor Standards Act alleging that Defendants Global Precision Systems, LLC and Asset Protection and Security Services, LP violated 29 U.S.C. § 207 by failing to pay time-and-a-half for all hours worked in excess of 40 hours during a workweek.  Plaintiffs bring the case as a potential collective action.  That is, Plaintiffs contend that they are able to maintain an action against Defendants "for and [on] behalf of . . . themselves and other employees similarly situated."  29 U.S.C. § 216(b).

Collective actions are unique lawsuits.  The whole group of plaintiffs in a collective action is not necessarily determined by the named plaintiffs filing the suit.  Instead, after a plaintiff files a suit, courts often, in their discretion, facilitate sending a notice to other potential plaintiffs letting them know that they can opt-in to the collective.  *E.g.*, *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169–70 (1989); *In re JPMorgan Chase & Co.*, 916 F.3d 494, 500 (5th Cir. 2019).  The notice step necessarily requires that courts determine who the potential plaintiffs are.  *See JPMorgan*, 916 F.3d at 502–04 (holding that a notice should not go to employees who

signed a valid arbitration agreement because they could not "ultimately participate in the collective").

Section 216(b) loosely defines the potential plaintiffs as those who are "similarly situated". 29 U.S.C. § 216(b). So district courts, before proceeding as they typically would, must first determine whether the plaintiff-employees are "similarly situated". The Fifth Circuit recently confirmed this. *Swales v. KLLM Transp. Serv., LLC*, 985 F.3d 430 (5th Cir. 2021). In *Swales*, the Fifth Circuit set out a "gatekeeping framework"—really, a three-step process—for the first phase of a collective action. *Id.*

At the outset of a collective action, district courts should (1) "identify . . . what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated,'"; (2) "authorize preliminary discovery accordingly"; and then (3) determine, based on facts from that discovery, which, if any, employees are similarly situated, and thus, which, if any, employees should receive an opt-in notice. *Id.* at 441. Only after this first phase can district courts determine whether the case can properly move forward as a collective action.

Here, the Parties request that the Court set a scheduling conference during which they hope to determine the necessity, scope, and timing of the preliminary discovery phase. The Court is amenable to setting such a conference. But prior to that, the Court is of the opinion that the Parties should provide briefing on the first step from *Swales*. Doing so will help provide clarity to the necessity, scope, and timing of the preliminary discovery phase.

Accordingly, **IT IS ORDERED** that the Parties **JOINTLY FILE**, by **April 4, 2022**, a briefing that addresses (1) the facts and legal considerations that will be material to determining whether Plaintiffs and others are similarly situated as well as (2) the Parties positions on how

- 3 -

much time should be allotted for preliminary discovery.  The Parties may note areas of disagreement in their joint filing.

**So ORDERED and SIGNED this 21st day of March 2022.**

_____
**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**